UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG - 2 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Karen Dotson,              )
                         )
      Plaintiff,        )
                         )
        v.           )     Civil Action No.    13-1190
                         )
Central Funding Corp.,    )
                         )
      Defendant.    )
_____)

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* "Complaint" and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a District of Columbia resident suing a company in Brentwood, Maryland. She alleges only that she "was given a car loan a few years that [she] believe[s] was a predatory loan" and that she was in a car accident that "cause[d] [her] to be disable[d] now." Compl. at 1. Plaintiff states that she has no income and is "waiting for disability to approve me." *Id.* She asks this Court only "to give [her] a hand with the case, maybe help me with the money, or help

1

me file bankruptcy." *Id.* at 2. Since the complaint neither presents a federal question nor pleads the requisite amount in controversy to establish diversity jurisdiction, it must be dismissed. A separate Order accompanies this Memorandum Opinion.

United States District Judge

DATE: July 30, 2013